UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN SOHAIL KHAZZAN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>HEIDI M. LACKNER, Warden,<br><br>　　　　　Respondent. | Case No. CV 14-2675-FMO (SP)<br><br>FINAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is submitted to the Honorable Fernando M. Olguin, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## I.

## **INTRODUCTION**

On April 9, 2014, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"). Petitioner challenges his administrative disciplinary conviction for constructive possession of a cell phone and the resulting forfeiture of ninety days of good time credits.

1    Petitioner contends that his due process rights were violated by insufficient
2 evidence to convict and by the failure of the California Department of Corrections
3 and Rehabilitation ("CDCR") to adhere to its own regulations.  In particular, the
4 Petition raises five grounds for relief: (1) petitioner's due process rights were
5 violated due to insufficient evidence of guilt and CDCR's failure to follow its own
6 regulations; (2) CDCR staff failed to follow its regulations regarding search of
7 dormitory bed areas; (3) there was insufficient evidence petitioner had knowledge
8 of the cell phone; (4) the "some evidence" standard was not met given that the cell
9 phone was found in a common area accessible to 85 inmates; and (5) the Senior
10 Hearing Officer's opinion regarding what other inmates would allow did not meet
11 the "some evidence" standard.
12    On May 15, 2014, respondent filed a Motion to Dismiss the Petition
13 ("MTD"), asserting the claims are barred by the one-year statute of limitations set
14 forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28
15 U.S.C. § 2244(d)(1), are not cognizable on federal habeas review, and fail to state
16 a claim.  On May 27, 2014, petitioner filed an Opposition to the Motion to Dismiss
17 ("Opposition").
18    The magistrate judge issued an initial Report and Recommendation on
19 March 24, 2015, finding, inter alia, that the Petition was timely filed.  Respondent
20 filed objections on April 13, 2015, which included additional evidence pertaining
21 to the timeliness of the Petition.  Petitioner filed a response to the objections on
22 April 20, 2015, and filed an amended response two days later.
23    After considering the additional information submitted, the court now finds
24 it should not conclusively determine on this record whether the Petition was timely
25 filed.  The court continues to find that most but not all of the grounds are
26 cognizable, and that those grounds adequately state a claim for relief.  It is
27 therefore recommended that the Motion to Dismiss be granted in part and denied
28

in part, without prejudice to respondent's reassertion of a statute of limitations defense in her answer.

## II.

## PROCEEDINGS

On March 23, 2012, while serving a thirteen-year sentence for carjacking with use of a firearm and possession of an assault weapon, petitioner was found guilty by a prison disciplinary board of constructive possession of a cell phone and sentenced to ninety days forfeiture of good time credits. MTD, Ex. 7, Ex. A at 4. Petitioner timely appealed his conviction through the prison administrative process and was denied at every level. MTD, Ex. 7, Exs. B-D. The third level appeal decision was issued on September 4, 2012. MTD, Ex. 7, Ex. D; MTD Ex. 2.

On October 15, 2012, petitioner constructively filed a habeas petition in the Los Angeles County Superior Court, arguing that there was insufficient evidence to warrant a guilty finding.[1] MTD, Ex. 3. The Superior Court denied the habeas petition on December 6, 2012. MTD, Ex. 4.

On January 25, 2013, petitioner constructively filed a habeas petition in the California Court of Appeal. MTD, Ex. 5. The Court of Appeal summarily denied the petition on February 8, 2013. MTD, Ex. 6.

Petitioner constructively filed a habeas petition in the California Supreme Court on July 8, 2013. MTD, Ex. 7. Petitioner presented the following

---

[1] Dates listed as "constructive" filing dates reflect the constructive filing date under the "mailbox rule." Under the mailbox rule, "a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail." *Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002). Courts generally presume a petition was delivered to prison authorities on the day the petition was signed. *Lewis v. Mitchell*, 173 F. Supp. 2d 1057, 1058 n.1 (C.D. Cal. 2001). Here, the Petition was signed on March 11, 2014, but other evidence discussed below indicates petitioner delivered it for mailing the following day.

3

arguments: (1) the failure to follow regulations violated his due process rights; (2) there was insufficient evidence to warrant a guilty finding; and (3) the failure to comply with regulations requires that the guilty finding be overturned. *Id.* The California Supreme Court summarily denied the habeas petition on September 25, 2013. MTD, Ex. 8.

Petitioner filed the instant Petition on April 9, 2014.[2] The constructive filing date of the Petition is disputed, as discussed below.

## III.

## DISCUSSION

### A. The Timeliness of the Petition Should Not Be Conclusively Determined at This Juncture

#### 1. The Limitation Period Under AEDPA

AEDPA mandates that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1); *see also Lawrence v. Florida*, 549 U.S. 327, 329, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007); *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012). After the one-year limitation period expires, the prisoner's "ability to challenge the lawfulness of [his] incarceration is permanently foreclosed." *Lott*, 304 F.3d at 922.

To assess whether a petition is timely filed under AEDPA, it is essential to determine when AEDPA's limitation period starts and ends. By statute, AEDPA's limitation period begins to run from the latest of four possible events:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2] On August 7, 2014, petitioner filed a related habeas petition in this court in case number ED CV 14-1625-FMO (SP).

4

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Ordinarily, the starting date of the limitation period is the date on which the judgment becomes final after the conclusion of direct review or the expiration of the time allotted for seeking direct review. *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). In challenges of administrative decisions, the statute of limitations begins to run when the final administrative appeal is denied. *Redd v. McGrath*, 343 F.3d 1077, 1082 (9th Cir. 2003).

AEDPA may also allow for statutory tolling or equitable tolling. *Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002). But "a court must first determine whether a petition was untimely under the statute itself before it considers whether equitable [or statutory] tolling should be applied." *Id*.

Here, the final administrative appeal was denied on September 4, 2012. MTD, Ex. 2. Therefore, the statute of limitations began to run the next day and expired on September 4, 2013. Petitioner did not constructively file the Petition until either March 11, 2014 or March 31, 2014, as explained below. Consequently, the Petition is untimely absent sufficient statutory or equitable tolling.

5

### 2. **Petitioner Is Entitled to Statutory Tolling**

Statutory tolling is available under AEDPA during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *accord Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006); *Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001). But "in order to qualify for statutory tolling during the time the petitioner is pursuing collateral review in the state courts, the prisoner's state habeas petition must be constructively filed *before*, not after, the expiration of AEDPA's one-year limitations period." *Johnson v. Lewis*, 310 F. Supp. 2d 1121, 1125 (C.D. Cal. 2004). A petitioner may also be entitled to gap tolling for the periods between petitions provided that the petitions are filed within a reasonable time. *See Velasquez v. Kirkland*, 639 F.3d 964, 967 (9th Cir. 2011).

As an initial matter, the court notes there is some uncertainty whether petitioner's first state habeas petition was constructively filed on October 11 or October 15, 2012, although this four-day difference is in fact immaterial to the timeliness of the instant federal Petition. In the initial Report and Recommendation, the court found the constructive filing date of the first petition was October 11, 2012 because that is the date petitioner signed it and the Superior Court also found that it was filed on that day. *See* MTD, Exs. 3-4. Respondent objects to this finding, pointing to the proofs of service attached to the petition to argue that petitioner constructively filed this habeas petition on October 15, 2012. The proofs are executed by another inmate and state he delivered the service copies to prison staff for mailing on October 15, 2012, but do not state when the petition itself was delivered for mailing to the Superior Court. MTD, Ex. 3. Nonetheless, logically neither petitioner nor an assisting inmate could have delivered the original petition for mailing to the Superior Court before October 15,

6

2012, since the copy filed with the Superior Court – Exhibit 3 – contains attached proofs of service signed on October 15, 2012. The court therefore agrees with respondent that the constructive filing date is October 15, 2012. *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) ("a pro se prisoner's filing of a state habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of the court") (citation omitted); *Lott*, 304 F.3d at 921.

Thus, petitioner constructively filed a habeas petition in Superior Court on October 15, 2012. MTD, Ex. 3. The Superior Court denied the habeas petition on December 6, 2012. MTD, Ex. 4. Petitioner then constructively filed a habeas petition in the Court of Appeal on January 25, 2013, which was denied on February 8, 2013. MTD, Exs. 5-6. Therefore, petitioner is entitled to statutory and gap tolling for the entire 116 days between the filing of his habeas petition in the Superior Court and the denial of his habeas petition by the Court of Appeal. This extended the limitation period from September 4, 2013 to December 29, 2013.

Petitioner waited 150 days before constructively filing a habeas petition in the California Supreme Court on July 8, 2013. MTD, Ex. 7. The California Supreme Court denied the petition on September 25, 2013. MTD, Ex. 8. Because the period between the Court of Appeal's denial and the filing in the California Supreme Court was unreasonably long, petitioner is not entitled to gap tolling for this period. *Clark v. Cate*, 582 Fed. Appx. 654, 655 (9th Cir. 2014) (30-60 days is a benchmark for what constitutes a reasonable time); *Velasquez*, 639 F.3d at 968 (81-day and 91-day delays were unreasonable without an adequate explanation for the delays). Consequently, petitioner is only entitled to an additional statutory tolling for the 79 days during which his petition was pending in the California Supreme Court. This further extended the limitation period to March 18, 2014.

Thus, if the instant federal Petition was constructively filed on or before March 18, 2014, it is timely.

### 3. Further Development of the Record Would Assist the Court in Conclusively Determining the Petition's Constructive Filing Date

Whether the Petition is timely hinges in part on the constructive filing date of the Petition. Under the mailbox rule, a habeas petition "is deemed filed when [the petitioner] hands it over to prison authorities for mailing to the [relevant] court." *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001) (citing *Houston v. Lack*, 487 U.S. 266, 276, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988)); *Lott*, 304 F.3d at 921. Petitioner argues that he delivered the Petition to the prison mail room on March 11 or 12, 2014, and respondent contends that petitioner effectively delivered the Petition for mailing on March 31, 2014.

In the Motion to Dismiss, respondent supported her argument by submitting a prison mail log, which indicates that the Petition was put in the outgoing mail on March 31, 2014. MTD, Ex. 9. Petitioner also cites *Huizar v. Carey*, in which the Ninth Circuit found "the prison's log of outgoing mail provides strong evidence of the date [the petitioner] handed over his petition" for mailing, in a case in which the court never received said petition. *Huizar*, 273 F.3d at 1224. But this is not determinative here. Since this court did receive the Petition and in fact received the Petition only three days after the March 31, 2014 date on the prison log (*see* MTD, Ex. 10), the date on the prison log would more clearly appear to reflect the date the prison mailed the Petition, and not necessarily the date that petitioner delivered the Petition to the mail room.

Petitioner countered the evidence in the prison log with the May 23, 2014 declaration of correctional officer Thomas Collins, which petitioner submitted with his Opposition. Officer Collins averred that he verified petitioner's Request to Proceed In Forma Pauperis ("IFP") on March 11, 2014, and then on March 12,

2014, petitioner gave him for mailing the legal parcel to which the verified IFP Request pertained, pending receipt of the money order for the filing fee. Opposition, Ex. 1. Although Officer Collins does not state that the legal parcel contained the instant Petition, the record indicates that the legal parcel in question must have contained the instant Petition rather than another document, for three reasons. First, the IFP Request attached the instant Petition shows it was verified by Officer Collins on March 11, 2014. Second, the prison log shows no mailing from petitioner to this court on March 11, 2014 or after until it shows a mailing to this court on March 31, 2014. MTD, Ex. 9. And third, Officer Collins further declared that the legal parcel in question was held pending receipt of the money order for the filing fee and Fed-Ex mailout, which were only processed on specific days. Opposition, Ex. 1. Given Officer Collins's May 23, 2014 declaration, the court found in the initial Report and Recommendation that the Petition's constructive filing date was March 12, 2014.

In her objections to the Report and Recommendation, however, respondent submitted additional evidence that substantially undercuts this finding.[3] Respondent submitted another declaration from Officer Collins, dated April 12, 2015, in which Officer Collins corrects and elaborates on his statements in his May 23, 2014 declaration. He corrects his assertion in the earlier declaration that petitioner gave him the legal parcel with the Petition on March 12, 2014, stating petitioner actually gave him the parcel the day before. Resp. Objections, Ex. 1,

---

[3] Respondent explains her failure to submit this evidence in a reply to the MTD Opposition by pointing to the court's April 16, 2014 Order Requiring Response to Petition, which prohibits respondent from filing a reply in support of a motion to dismiss unless the court orders otherwise. Of course, respondent could have applied to the court for permission to file a reply and respondent did not do so. Nonetheless, under these circumstances, the court finds it appropriate to consider the additional evidence submitted with respondent's objections.

9

¶¶ 6, 12. More significantly, Collins explains that petitioner requested that the legal parcel containing "the Petition addressed to this Court, be held by prison staff pending [petitioner's] receipt of a money order from his father to pay for court filing fees." Consequently, according to both Collins and Sergeant Richard Vera, the parcel was kept secured in Vera's office until March 31, 2014. *Id.*, Ex. 1, ¶¶ 7, 10, Ex. 2, ¶¶ 5-6. On March 31, 2014, petitioner requested that the Petition be mailed to this court and Sergeant Vera complied, sealing the envelope and entering it into the legal mail log. *Id.*, Ex. 2, ¶ 6; *see id.*, Ex. 1, ¶ 10.

Although Officer Collins's initial declaration states that petitioner gave him the legal parcel "pending receipt of the money order for the filing fee," and that the parcel was in fact held pending receipt of the money order for the filing fee (*see* Opposition, Ex. 1), his subsequent declaration clarifies that the parcel was in fact withheld from immediate mailing *at petitioner's request*. This makes a difference. "[D]elivery of a notice of appeal to prison authorities would not under any theory constitute a 'filing' unless the notice were delivered for forwarding to the district court." *Houston*, 487 U.S. at 273. Here, according to Officer Collins, petitioner did not deliver the Petition to prison authorities for mailing to this court on March 11, 2014; he delivered it to them that day for safekeeping, explicitly asking them not to mail it until he received a money order. Although petitioner argues the Petition should be deemed constructively filed on March 11, 2014, when he surrendered it to prison authorities, that is not enough if the court accepts Officer Collins's statement that petitioner did not surrender it for mailing at that time.

In response to this evidence, petitioner does not dispute that the Petition was held for filing until he obtained the filing fee, but he does appear to deny that he requested that the Petition be withheld from mailing. *See* Amended Response to Resp. Objection at 3. Instead, petitioner asserts it was necessary for the Petition to

be held pending the receipt of the filing fee, and it was so held in accordance with the procedures at Prado Conservation Camp, where he was then housed. Officer Collins contradicts this, saying this was the only time an inmate has ever asked him to hold a legal parcel pending receipt of a money order. Resp. Objections, Ex. 1, ¶ 7. Petitioner also suggests that Officer Collins and Sergeant Vera were pressured into making their recent declarations, and thus questions their credibility. The court notes that Officer Collins's two declarations are not inconsistent. He stated in his first declaration that the Petition was held pending receipt of the money order for the filing; his second declaration simply explained further that petitioner in fact made the unusual request that staff not mail the Petition until petitioner received the money order. Nonetheless, the competing accounts of what petitioner requested raise a credibility issue that would be better resolved after an evidentiary hearing.

In sum, petitioner was entitled to statutory and gap tolling, which extended the statute of limitations to March 18, 2014. The evidence is undisputed that petitioner delivered the Petition for delivery to prison staff on March 11, 2014; however, there is additional, disputed evidence that petitioner asked prison staff to withhold the Petition from mailing until March 31, 2014. Therefore, the constructive filing date is either March 11 or March 31, 2014, and the court finds it would benefit from additional development of the record before determining which is the actual date.

    **4.** **Further Development of the Record Would Assist the Court in Determining Whether Petitioner Is Entitled to Equitable Tolling**

In addition to the uncertainty about the constructive filing date which creates uncertainty as to the timeliness of the Petition, there is also a question as to whether petitioner is entitled to equitable tolling. The court did not address

1  equitable tolling in the initial Report and Recommendation given its finding the
2  Petition is timely, but addresses it now.
3        The United States Supreme Court has decided that "§ 2244(d) is subject to
4  equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645,
5  130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010). Tolling is appropriate when
6  "extraordinary circumstances" beyond a petitioner's control make it impossible to
7  file a petition on time. *Id.* at 649; *see Miranda v. Castro*, 292 F.3d 1063, 1066
8  (9th Cir. 2002) ("the threshold necessary to trigger equitable tolling [under
9  AEDPA] is very high, lest the exceptions swallow the rule" (citation omitted and
10 brackets in original)). "When external forces, rather than a petitioner's lack of
11 diligence, account for the failure to file a timely claim, equitable tolling of the
12 statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107
13 (9th Cir. 1999).
14       A petitioner seeking equitable tolling must establish two elements: "(1) that
15 he has been pursuing his rights diligently, and (2) that some extraordinary
16 circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.
17 Ct. 1807, 161 L. Ed. 2d 669 (2005). A petitioner must also establish a "causal
18 connection" between the extraordinary circumstance and his failure to file a timely
19 petition. *See Bryant v. Arizona Att'y Gen.*, 499 F.3d 1056, 1060 (9th Cir. 2007).
20       Petitioner argues that he is entitled to approximately 30 days of equitable
21 tolling because he is housed in a fire camp where he has been deployed on
22 hundreds of hours of fire assignments during which he cannot conduct legal work.
23 Opposition at 5; Amended Response to Resp. Objection at 3-4. Petitioner
24 contends this is an extraordinary circumstance that warrants equitable tolling. The
25 court questions whether this is the case. First, given the approximate six-month
26 gap between the California Supreme Court's denial of petitioner's previous habeas
27 petition and his constructive filing of the instant Petition, the court questions
28

whether petitioner diligently pursued his rights. And second, the court questions whether being housed in a fire camp as thousands of inmates are constitutes an extraordinary circumstance. "In general, the difficulties attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances." *Corrigan v. Barbery*, 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005); *see also Lindo v. Lefever*, 193 F. Supp. 2d 659, 663 (E.D.N.Y. 2002) ("Transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances.").

Nonetheless, given that the Petition was constructively filed no more than thirteen days after the AEDPA limitation period expired, without further information concerning the time petitioner spent on fire assignments away from the Prado Conservation Camp, the court recognizes the possibility petitioner might be entitled to thirteen days of equitable tolling. When "the factual and legal issues are not sufficiently clear to permit [a court] to determine with certainty whether the doctrine [of equitable tolling] could be successfully invoked," the court must not dismiss the case as untimely but must allow the case to move forward. *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995). The court should do so here.

**B.     Ground Two and Part of Ground One Are Not Cognizable**

Respondent argues that none of petitioner's claims are cognizable on federal habeas review. Habeas corpus relief is available only if the petitioner's conviction or sentence is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). *See Estelle v. McGuire*, 502 U.S. 62, 68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991).

1    Prison disciplinary proceedings are not part of a criminal prosecution, so a
2 prisoner is not afforded the full panoply of rights in such proceedings. *Wolff v.*
3 *McDonnell*, 418 U.S. 539, 556, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974).
4 Nevertheless, a prisoner has a liberty interest in earned good time credits and such
5 interest cannot be denied through disciplinary proceedings without the minimal
6 safeguards afforded by the Due Process Clause of the Fourteenth Amendment.
7 *See id.* at 558.  A petitioner must be afforded:  (1) written notice of the charges "in
8 order to inform him of the charges and to enable him to marshal the facts and
9 prepare a defense"; (2) at least a brief period of time after the notice, no less than
10 twenty-four hours, to prepare for the appearance before the disciplinary
11 committee; (3) "a written statement by the factfinders as to the evidence relied on
12 and reasons for the disciplinary action"; (4) the right to "call witnesses and present
13 documentary evidence in his defense when permitting him to do so will not be
14 unduly hazardous to institutional safety or correctional goals"; and (5) the right to
15 seek the assistance of another inmate or adequate substitute if the inmate is
16 illiterate or "the complexity of the case makes it unlikely that the inmate will be
17 able to collect and present the evidence necessary for an adequate comprehension
18 of the case." *Id.* at 563-70 (internal quotations and citation omitted).
19    In addition to the aforementioned procedural protections, due process
20 requires that the decision of the prison disciplinary authority be supported by
21 "some evidence" in the record. *Superintendent v. Hill*, 472 U.S. 445, 454, 105 S.
22 Ct. 2768, 86 L. Ed. 2d 356 (1985).  As the Supreme Court has explained, this
23 standard is deferential, requiring only a "modicum" of evidence supporting the
24 decision. *Id.* at 455.  It does not require the federal court to re-weigh evidence or
25 set aside decisions of prison administrators that have "some basis in fact." *Id.* at
26 455-56.  Even where the evidence can be described as "meager," the decision of
27 the disciplinary authority does not violate due process so long as the record "is not
28

so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id.* at 457.

In Grounds Three, Four, Five, and part of One,[4] petitioner raises essentially the same argument – there was insufficient evidence to support the disciplinary board's guilty finding. Because due process requires that prison disciplinary decisions be supported by some evidence, these grounds raise a due process question and therefore are cognizable on federal habeas review.

Ground Two and part of Ground One, however, are not cognizable. In these grounds, petitioner argues that CDCR failed to follow its own regulations when conducting the search for the cell phone. This is simply a matter of state law. *See, e.g., Bostic v. Carlson*, 884 F.2d 1267, 1270 (9th Cir. 1989) (a prison's failure to follow its own guidelines regarding when a hearing is to be held does not alone constitute denial of due process); *Davis v. Sherman*, 2015 WL 737967, at *2 (E.D. Cal. Feb. 20, 2015) (dismissing petitioner's claim that CDCR failed to follow its own regulations because it rested solely on state law); *see also Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) ("[A] prison official's failure to follow the prison's own policies, procedures, and regulations does not constitute a violation of due process, if constitutional minima are nevertheless met.").

Accordingly, Ground Two and the portion of Ground One related to CDCR's alleged failure to follow its regulations should be dismissed because they are not cognizable.

**C.**     **Grounds Three, Four, and Five and Part of Ground One State a Claim**

Respondent contends that the Petition should be dismissed because the claims are conclusory and petitioner fails to state supporting facts. Respondent further argues that petitioner may not attach and refer to his state habeas petition.

---

[4] Ground One appears to be a summary of Grounds Two through Five.

15

As an initial matter, the Petition consists of the Petition itself, as well as all exhibits. *See* Fed. R. of Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes"); *see also* Rule 4 of the Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."). Respondent's reliance on *Baldwin v. Reese*, 541 U.S. 27, 32, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004), is misplaced. The Supreme Court held that ordinarily a petitioner "does not 'fairly present' a claim to state court if that court must read beyond a petition . . . that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Id.* In contrast, here there is no question of whether petitioner exhausted his claims in the state courts and the state courts were not required to search for and read the lower courts' opinions to learn the federal nature of the claims. *Baldwin* does not support respondent's contention that, in determining whether a petition states a claim, the court may not consider the exhibits attached to and referenced in the petition.

When a petition only offers conclusory statements and states no facts to support the argument, the court may dismiss the petition for failure to state a claim. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); *see James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."). Nevertheless, a pro se litigant's filings must be construed liberally and the petitioner afforded the benefit of the doubt. *Wilhelm v.*

*Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006).

      Here, as discussed, the remaining Grounds essentially raise the same argument, that the disciplinary board's guilty finding was not supported by "some evidence" as due process requires. Petitioner's supporting facts, particularly when read in conjunction with the attached exhibits, are sufficient to put respondent and the court on notice of his claims that there was no evidence that he had knowledge of the cell phone; that given the number of inmates with access to the area where the cell phone was found, the fact that the cell phone was found near his bed area did not satisfy the "some evidence" standard; and that the opinion of the hearing officer failed to meet the "some evidence" standard. Accordingly, petitioner sufficiently states a claim in part of Ground One and in Grounds Three, Four, and Five.

## IV.
## RECOMMENDATION

      IT IS THEREFORE RECOMMENDED that the District Court issue an Order: (1) approving and accepting this Final Report and Recommendation; (2) granting respondent's Motion to Dismiss in part by dismissing Ground Two and the part of Ground One pertaining to CDCR's alleged failure to follow its regulations; and (3) denying respondent's Motion to Dismiss in all other respects, without prejudice to respondent reasserting her argument that the Petition is untimely in her answer.

DATED: May 4, 2015

                                      SHERI PYM
                                      United States Magistrate Judge